CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 2 6 2007
JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHAD VICARS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MRS. MAINE, et al., )<br>    Defendants. ) | Civil Action No. 7:07CV00016<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

Chad Vicars, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Mrs. Maine, a nurse at Wise Correctional Unit #18, and three officials at Wallens Ridge State Prison, David Robinson, Sergeant Fields, and Mr. Monk. Having reviewed the complaint, the court concludes that Vicars has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).*

## Background

Vicars was previously incarcerated at Wise Correctional Unit #18 in Coeburn, Virginia, where he was prescribed Actifed for a sinus infection. Vicars alleges that Mrs. Maine, who dispensed the medication, failed to inform him or the prison that the medication could cause Vicars to test positive for amphetamines. On November 13, 2005, three days after he began taking the medication, Vicars was given a drug test at Wallens Ridge, where he had been assigned to work. Vicars tested positive for methamphetamine. Vicars alleges that none of the officers administering the drug test asked him whether he was taking any medications. When he informed Sergeant Fields that he was taking a prescribed cold medication, Fields advised him "not to worry

---

*Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

as long as [he] was not smoking marijuana."

As a result of the drug test results, Vicars received a disciplinary charge and was placed in segregation until November 30, 2005, the date of his disciplinary hearing. The charge was ultimately dismissed after the hearing officer found that Vicars had been taking Actifed, and that Actifed could affect the validity of drug test results. Nonetheless, Vicars was placed back in segregation, where he remained for fifty-seven days.

Vicars filed the present action on December 28, 2006. Vicars alleges that Mrs. Maine acted negligently in failing to advise him of the effects of Actifed. Vicars alleges that the officials at Wallens Ridge subjected him to cruel and unusual punishment by leaving him in segregation for a total of seventy-five days. Vicars further alleges that the officials violated procedures set forth by the Virginia Department of Corrections by not asking him whether he was taking any medications prior to conducting the drug test, and by leaving him in segregation for more than thirty days.

## Discussion

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed Vicars's allegations, the court concludes that he has failed to state a claim of constitutional magnitude against any of the named defendants.

1.  Mrs. Maine

As previously stated, Vicars alleges that Mrs. Maine acted negligently in failing to advise

him that Actifed could cause him to test positive for amphetamines. However, an allegation of mere negligence is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 336 (1986). Thus, Vicars's claim against Mrs. Maine must be dismissed.

2. Wallens Ridge Officials

As for the officials at Wallens Ridge, Vicars first alleges that they violated his rights under the Eighth Amendment by placing him in segregation for seventy-five days. While the Eighth Amendment does protect inmates from cruel and unusual living conditions, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Strickland, 989 F.2d at 1379.

Applying these principles to Vicars's allegations, the court concludes that he has failed to state a claim under the Eighth Amendment. While being housed in a segregation unit for seventy-five days may have been restrictive and inconvenient, there is no indication that Vicars's living conditions caused any significant injuries or that they posed an unreasonable risk of serious harm.

Accordingly, Vicars's Eighth Amendment claim must be dismissed.

Vicars also alleges that the Wallens Ridge officials violated various state procedures. However, a state official's failure to abide by state procedural laws or regulations does not present a federal due process issue, Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under § 1983.

## Conclusion

For the reasons stated, the court concludes that Vicars's allegations fail to state a claim upon which relief may be granted. Thus, the court will dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 26th day of January, 2007.

_____
United States District Judge